UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLOW O.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:23-CV-05201-GJL

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

    This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkt. 17, 24, 25.

    After considering and reviewing the record, the Court concludes the ALJ did not reversibly err in finding Plaintiff not disabled. Accordingly, the Court **AFFIRMS** the Commissioner's final decision in this matter.

//

//

# I. PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits (DIB) was denied initially and following reconsideration. *See* Administrative Record (AR) 71–95. Plaintiff's requested hearing was held before the ALJ on November 30, 2021. AR 31–70.

On February 22, 2022, the ALJ issued a written decision concluding Plaintiff was not disabled. AR 12–30. On January 18, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final agency action subject to judicial review. AR 1–6. On March 15, 2023, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's written decision. Dkt. 6. Defendant filed the sealed AR regarding this matter on May 15, 2023. Dkt. 9.

# II. BACKGROUND

Plaintiff was born in 1989 and was 29 years old on the alleged date of disability onset of November 1, 2019. AR 15, 24. Plaintiff has at least a high school education. AR 24. Plaintiff's date that she was last insured, for the purposes of her DIB eligibility, is December 31, 2024. AR 15. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of migraines, idiopathic intracranial hypertension (IIH), obesity, and neuropathy with edema. AR 18. However, the ALJ found Plaintiff was not disabled because she had the residual functional capacity (RFC) to

> perform medium work as defined in 20 CFR 404.1567(c) except with the following additional limitations: She can frequently handle, finger, and feel. She can occasionally climb ramps and stairs occasionally, but she can never climb ladders, ropes, or scaffolds. She can frequently stoop, kneel, crouch, and crawl. The claimant can never work at unprotected heights. She can occasionally work around moving mechanical parts occasionally. She can frequently work in extreme temperatures; pulmonary irritants, such as fumes, odors, dusts, gases, and poor ventilation; vibration; and loud noise. She can perform simple, routine tasks.

AR 20.

|   |   |
|---|---|
| 1 | **III.    DISCUSSION** |
| 2 | Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of |
| 3 | social security benefits if and only if the ALJ's findings are based on legal error or not supported |
| 4 | by substantial evidence the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th |
| 5 | Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). |
| 6 | In her opening brief, Plaintiff raises the following issues: (1) whether the ALJ properly |
| 7 | evaluated the medical opinion of James Gutierrez, M.D.; (2) whether the ALJ properly evaluated |
| 8 | Plaintiff's subjective testimony; and (3) whether the ALJ properly concluded that Plaintiff could |
| 9 | perform a significant number of jobs available in the national economy. *See* Dkt. 17. |
| 10 | **A.    Medical Opinion of Dr. Gutierrez** |
| 11 | Under the 2017 regulations applicable to this case, the Commissioner "will not defer or |
| 12 | give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the |
| 13 | claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must |
| 14 | nonetheless explain with specificity how he or she considered the factors of supportability and |
| 15 | consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). |
| 16 | "[A]n ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent |
| 17 | without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 |
| 18 | F.4th 785, 792 (9th Cir. 2022).[1] |
| 19 | Treating neurologist Dr. Gutierrez submitted a medical opinion in November 2021. AR |
| 20 | 931–34. He opined Plaintiff had limitations in her abilities to sit, stand, lift, climb, and reach. AR |
| 21 | 932–33. He opined Plaintiff would be off task more than 25% of the time and that she was only |

---

[1] Plaintiff argues the ALJ erred because he failed to discuss the supportability factor. Dkt. 17 at 4. As described, the ALJ did discuss this factor. And even if it that were not so, his failure to do so would not, by itself, constitute legal error. *See e.g.*, *Woods*, 32 F.4th at 793 n.4 (noting the ALJ did not make a supportability finding with respect to a medical opinion but nonetheless upholding the ALJ's determination).

capable of low stress work. AR 934. He indicated this opinion was based on Plaintiff's alleged symptoms of chronic headaches, dizziness, nausea, fatigue, cognitive changes, body pain, and blurred vision. AR 931.

With respect to the opinion's supportability, the ALJ "found [Dr. Gutierrez's] checkbox opinion unpersuasive because it is . . . unsupported by treatment notes and exam findings." AR 24. The supportability factor considers how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)." 20 C.F.R. § 404.1520c(c)(1). "While an opinion cannot be rejected merely for being expressed as answers to a check-the-box questionnaire, . . . the ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions." *Ford v. Saul*, 950 F.3d 1141, 1150 (9th Cir. 2020) (citations omitted). The opinion does not "stand alone" but, rather, must be evaluated alongside the treatment notes that accompany it. *See Garrison v. Colvin*, 759 F.3d 995, 1014 n.17 (9th Cir. 2014).

The ALJ did not err in finding Dr. Gutierrez's opinion unsupported by the explanation he provided, his treatment notes, and his exam findings. The only objective evidence discussed by Dr. Gutierrez's opinion was a reference to a finding that Plaintiff had elevated spinal fluid pressure and needed a lumbar puncture. AR 931. However, the only medical evidence related to the elevated spinal fluid pressure indicates it was treated with medication. *See* AR 334, 496. And more significantly, there is no explanation provided as to why such objective findings supported such opined limitations as being off task for 25% of the time. Plaintiff points to no other treatment notes from Dr. Gutierrez which provide support or otherwise elucidate the rationale behind his opined limitations.

With respect to the opinion's consistency, the ALJ found the opinion unpersuasive because it was inconsistent with other medical evidence in the record. *See* AR 24; 20 C.F.R. § 404.1520c(c)(2). The ALJ pointed to evidence that Plaintiff had a normal range of motion, sensation, coordination, and gait; evidence that she ambulated without difficulty; and evidence that she had normal imaging results. AR 24 (citing AR 286, 293, 321, 341–42, 641, 739, 795, 817, 833). This evidence is uncontradicted and the ALJ reasonably found it to be inconsistent with the limitations Dr. Gutierrez opined.[2]

In sum, the ALJ properly evaluated Dr. Gutierrez's opinion.

**B.     Subjective Testimony**

Plaintiff argues the ALJ failed to provide "specific, clear, and convincing reasons" for rejecting her testimony about her vision issues, Dkt. 17 at 5–6, as the ALJ was required to do, *Garrison*, 759 F.3d at 1015.[3] Plaintiff testified she has a blind spot in her vision and that she has lost some of her peripheral vision. AR 56–57.

The ALJ found that Plaintiff's alleged limitations were inconsistent with objective medical evidence. AR 21–23. This is a valid reason to discount subjective testimony, although an

---

[2] Plaintiff argues the ALJ erred by finding that the medical evidence was inconsistent with the opinion because he failed to consider that Dr. Gutierrez had diagnosed Plaintiff with fibromyalgia which "cannot be made based on objective testing." Dkt. 17 at 4 (citing *Revels v. Berryhill*, 874 F.3d 648, 665 (9th Cir. 2017)). However, the ALJ found the medical evidence did not meet the criteria established by SSR 12-2p for fibromyalgia to be a medically determinable impairment (AR 19) and Plaintiff does not challenge this assessment (*see* Dkt. 17).

[3] Subjective symptom testimony is assessed through a two-step analysis. The ALJ first "determine[s] whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Garrison*, 759 F.3d at 1014 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)). If the claimant meets this burden and there is no affirmative evidence of malingering, the ALJ must provide specific, clear, and convincing reasons for discounting the testimony. *Id.* at 1015. In this case, the ALJ said that Plaintiff's impairments "could be reasonably expected to cause *some* of the alleged symptoms." AR 21 (emphasis added). The ALJ did not indicate which symptoms could not be reasonably expected to have been caused by the alleged impairments. Because both sides assume the ALJ was required to give specific, clear, and convincing reasons for discounting Plaintiff's testimony, the Court proceeds on the assumption that the ALJ was required to do so.

ALJ "cannot insist on clear medical evidence to support each part of a claimant's subjective pain testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022).

The ALJ described the history of some visual impairments Plaintiff experienced, stemming from her IIH. In November 2019, the IIH condition was diagnosed, but in two subsequent appointments with optometrists in February and August 2020, providers noted she enjoyed full visual fields. AR 21 (citing AR 335, 349–51, 529–31, 539). The ALJ acknowledged a new optometrist noted neurological deficits in August 2021, but indicated they would improve with treatment. AR 21–22 (citing AR 870–72). This was substantial evidence supporting the ALJ's finding that Plaintiff's allegations were inconsistent with the medical evidence of record. Moreover, the only evidence supporting these alleged deficits also emphasized that they were treatable. "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [disability] benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).[4]

The Court need not address the other reason proffered for rejecting Plaintiff's testimony about her visual issues, specifically her activities of daily living. With respect to subjective testimony, an ALJ's error can be harmless "where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record" if "there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). Because the Court has determined the ALJ properly found Plaintiff's

---

[4] Plaintiff argues the ALJ "did not explain the exclusion of visual limitations from the RFC." Dkt. 17 at 5. However, the ALJ explicitly stated that Plaintiff's limitations were unsupported by the medical evidence and then, in reviewing that medical evidence, discussed the evidence about her visual allegations. AR 21–22. This explanation is sufficient to adequately address the reasons why the alleged visual limitations were omitted from the RFC. "[T]he ALJ need not recite or incant certain 'magic words' so long as the reviewing court can draw specific and legitimate inferences from his decision." *McGill v. Callahan*, 127 F.3d 1105 at *2 (9th Cir. 1997) (unpublished opinion) (citing *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989)).

allegations inconsistent with the medical evidence, any error with respect to the ALJ's findings as to Plaintiff's activities of daily living would be harmless.

**C.     Step Five**

Plaintiff argues the ALJ erred by failing to reconcile a purported conflict between the Vocational Expert (VE)'s testimony about which jobs she could perform and the Dictionary of Occupational Titles (DOT).[5] Dkt. 17 at 6–8. The RFC limited Plaintiff to work with "frequent" exposure to "loud noise." AR 20. This means the condition of "loud noise"—or, under the Selected Characteristics of Occupations (SCO), a DOT companion manual, a noise rating of level four—can "exist[] from one-third to two-thirds of the time." *See* POMS DI 25001.001 (using SCO definitions to define noise levels and frequency terms used in environmental conditions components of RFCs).

The ALJ concluded the Plaintiff could perform six occupations, which existed in significant numbers in the national economy. AR 25. Three of the jobs the ALJ found (based on the VE's testimony) Plaintiff could perform involve exposure to loud noise: small products assembler, cleaner, and cleaner II. *See* AR 25; DOT Nos. 706.684-022, 869.687-018, 919.687-014; Dkt. 17 at 7. Plaintiff argues this created a conflict between the VE's testimony and the DOT, which the ALJ was required to resolve. Dkt. 17 at 6–8.

However, even if the ALJ erred in failing to reconcile an inconsistency between the VE's testimony and the DOT, such error would be harmless. An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006). Only three of the six occupations relied upon by the

---

[5] Plaintiff also argues that the ALJ erred by including jobs without vision-based limitations. Dkt. 17 at 7–8. However, the Court has found that the ALJ did not err in rejecting this part of Plaintiff's subjective testimony, and therefore the ALJ did not err in not including such a limitation in the RFC.

ALJ require a noise level of four. *See* AR 25; Dkt. 17 at 7. Excluding those positions, if Plaintiff is able to perform the other three positions cited by the ALJ—packer, agricultural produce (10,312 jobs available); garment sorter (9,662 jobs available); and stock checker (5,077 jobs available)—then there are, in sum, at least 25,051 jobs available in the national economy which she could perform. AR 25.

This evidence is sufficient to uphold the ALJ's ultimate decision that Plaintiff is not disabled. *See Gutierrez*, 740 F.3d at 528–29 (9th Cir. 2014) (holding that 25,000 jobs is a significant number available in the national economy). In turn, any error in including the three positions with a noise level of four does not alter the ultimate result, and it thus harmless. *See Stout*, 454 F.3d at 1055–56.

## IV.   CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 6th day of February, 2024.

Grady J. Leupold
United States Magistrate Judge